# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, DC

## UNITED STATES
### v.
### Seth L. FRANKEL

### Seaman, U.S. Coast Guard

### CGCMS 24138
### Docket No. 1091
### 20 November 1998

Special Court-Martial convened by Commanding Ofiicer, USCGC Northland. Tried at Norfolk, Virginia, on 11 September 1997.

| | |
|---|---|
| Military Judge | CAPT Walter Brawand, USCG |
| Trial Counsel | LT Andrew Norris, USCGR |
| Civilian Defense Counsel: | Michael Fasanaro Jr., Esquire |
| Appellate Defense Counsel | LT Sandra K. Selman, USCGR |
| Appellate Government Counsel | LT Susan Polizzotto, USCGR |

### BEFORE
### PANEL FIVE
### BAUM, WESTON, McCLELLAND
### Appellate Military Judges

Per Curiam:

Appellant was tried by a special court-martial before a military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of the following offenses: nine specifications of wrongful use of marijuana, seven specifications of wrongful distribution of marijuana, one specification of wrongful introduction of marijuana onto a vessel, and one specification of wrongful possession of drug paraphernalia, in violation of Articles112a and 134 of the Uniform Code of Military Justice (UCMJ). The judge sentenced Appellant to reduction to pay grade E-1, forfeiture of $500.00 per month for six months, confinement for four months and fifteen days, and a bad conduct discharge. The convening authority approved the sentence as adjudged, which was within the terms of the pretrial agreement. Before this Court, Appellant has assigned two errors: that the military judge erred to Appellant s substantial prejudice by allowing trial counsel, over defense objection, to elicit victim impact testimony during sentencing that was not within the scope of RCM 1001(b)(4), and that Appellant was

unfairly prejudiced by improper sentencing argument by trial counsel.

After considering the briefs and oral argument presented by Appellant and the Government, we are convinced that no relief is warranted. The limited questions and answers allowed by the judge concerning a co-user s family status were preliminary questions, which the judge did not permit the trial counsel to pursue further when a second objection was raised. The portion of trial counsel s sentencing argument which Appellant finds objectionable did touch on matters excluded earlier by the judge, but viewed in another light it might be seen as fair comment on evidence presented by Appellant concerning the help his parents would be providing him. In any event, without deciding whether or not trial counsel s actions and the judge s rulings constituted errors, we have concluded that, even if deemed to be errors, they were harmless beyond a reasonable doubt. Appellant was convicted of using marijuana on numerous occasions, including instances of use aboard a Coast Guard cutter while underway, and of distributing marijuana to his shipmates, both ashore and underway. These are serious offenses that could have justified a more severe sentence at a general court-martial. Instead, Appellant s case was referred to a special court-martial where he received a sentence below the jurisdictional limits of that lesser court. We are convinced that the judge would not have imposed a lower sentence even if the purported errors were not committed. No reduction in the sentence is warranted.

After review of the record pursuant to Article 66, UCMJ, we have determined that the findings and sentence are correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings and sentence, as approved below, are affirmed.

For the Court

/S/
*Brian
Johnson*
Clerk of the Court